## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Jerry Gillespie, | |
| Plaintiff, | No. 1:24-CV-08019 |
| v. | Judge Edmond E. Chang |
| Kenneth Boudreau, John Halloran, James O'Brien, Michael Clancy, Sergio Rajkovich, Daniel McDonald, Thomas Richardson, Robert Schaefer, Geri Yanow, as Independent Administrator of the Estate of William Foley, David Evans, John McHugh, Assistant State's Attorney Julie Nelson, Assistant State's Attorney Charles Burns, City of Chicago, Cook County, and Cook County State's Attorney's Office, | |
| Defendants. | |

### ORDER

Jerry Gillespie's state court conviction was vacated, and he alleges that his incarceration resulted from police and prosecutorial misconduct. R. 134, First Am. Compl.[1] The Court previously granted state prosecutor Charles Burns's motion to dismiss. *Gillespie v. Boudreau*, 805 F. Supp. 3d 892, 895 (N.D. Ill. 2025). Gillespie has since amended his complaint to add more factual specificity, First Am. Compl. ¶¶ 51–64, 101–10, but Burns contends that the amendments fall short of curing the initial deficiencies, R. 146, Burns's Mot. The Court agrees in some (but not all) respects, so Burns's motion is granted in part and denied in part.

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number. This Court has subject matter jurisdiction over the federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

The Court assumes familiarity with the facts recounted in its earlier opinion. *Gillespie*, 805 F. Supp. 3d at 895–96. This Order recites the newly alleged facts—accepted as true for pleading purposes, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))—when they are relevant to the discussion.

First, Burns contends that Gillespie has alleged insufficient facts about how the allegedly fabricated statement of Willie Hughes deprived Gillespie of his constitutional rights. Burns's Mot. at 5–6. To start, Gillespie's factual assertions on how Hughes's statement was used against him in pre-trial proceedings are sufficiently alleged. Gillespie asserts that Hughes's statement, allegedly fabricated by Burns, was used (1) to keep him in pre-trial detention and continue the prosecution against him and (2) to deny a related motion to suppress a critical statement. First Am. Compl. ¶ 56. Gillespie's allegations thus state a plausible claim that Burns violated his Fourth Amendment right against unreasonable seizures by causing him to be detained pre-trial and violated his right to due process under the Fourteenth Amendment by defeating the motion to suppress. *See Lewis v. City of Chicago*, 914 F.3d 472, 476–77 (7th Cir. 2019); *Neita v. City of Chicago*, 148 F.4th 916, 938–40 (7th Cir. 2025).[2]

Gillespie's allegations about the use of Hughes's statement *at trial*, on the other hand, continue to lack sufficient factual detail. Gillespie asserts that the State "relied on the fabricated Hughes statement" to make arguments about Gillespie's own confession, First Am. Compl. ¶ 57, but that allegation still fails to say whether the

---

[2]Gillespie submitted a notice of supplemental authority, R. 235, citing a recent decision in this District for the proposition that, at least at the pleading stage, fabricated evidence always can be considered "used" for trial purposes as a violation of due process. *Williams v. Guevara*, 2026 WL 2117318, at *3–5 (N.D. Ill. July 22, 2026). That appears to be an overstatement of the holding in *Williams*, in which the plaintiff presented a detailed recitation of case-specific allegations and arguments that the fabricated statement impaired his due-process right to a fair trial. *Id.* at *4. In any event, the Seventh Circuit has specified that it is the use of fabricated evidence "at trial" that triggers the Due Process Clause. *See Patrick v. City of Chicago*, 974 F.3d 824, 834–35 (7th Cir. 2020) ("If fabricated evidence is later used *at trial* to obtain a conviction, the accused may have suffered a violation of his due-process right to a fair trial." (emphasis added)); *see also Zambrano v. City of Joliet*, 141 F.4th 828, 830 (7th Cir. 2025) (distinguishing generally between Fourth Amendment claims for false arrest or unlawful pretrial detention and Fourteenth Amendment claims for wrongful convictions based on fabricated evidence). Put another way, there is no free-floating legal theory that triggers due-process liability whenever evidence is fabricated but is not introduced at trial.

State entered Hughes's statement into evidence or otherwise presented Hughes's statement to the jury. *See Patrick v. City of Chicago*, 974 F.3d 824, 834–35 (7th Cir. 2020) ("If fabricated evidence is later *used at trial to obtain a conviction,* the accused may have suffered a violation of his due-process right to a fair trial." (emphasis added)). Without this factual allegation, Gillespie falls short of alleging that Hughes's fabricated statement caused a due-process violation stemming from the trial. Gillespie relies on added facts about Burns's role in the Felony Review Unit, *see* First Am. Compl. ¶¶ 101–10; R. 169, Pl.'s Resp. at 7, and although those facts may support allegations that Burns has a history of fabricating evidence, they do not permit an inference that Hughes's statement specifically was presented at trial in a way that caused Gillespie's deprivation of due process.

Second, Burns argues that Gillespie fails to allege adequate facts suggesting both that Burns suppressed an exculpatory statement by James Clark and that Clark's statement was in fact exculpatory. Burns's Mot. at 7–9. The Court rejects these arguments and concludes that Gillespie has adequately alleged a due-process violation based on the suppression of Clark's statement. Although Burns contends that Gillespie could have discovered Clark's exculpatory statement earlier because they were jointly tried as co-defendants, *see* R. 176, Burns's Reply at 6, witnesses "may be uncooperative or reluctant," "may have forgotten or inadvertently omitted some important piece of evidence," or may have "learned of certain evidence" after speaking with defense counsel. *See Boss v. Pierce*, 263 F.3d 734, 740–41 (7th Cir. 2001). Whether Gillespie actually exercised reasonable diligence is a question of fact that will be resolved later. At the pleading stage, his allegations that Burns suppressed and failed to disclose the evidence, First Am. Compl. ¶¶ 62, 64, suffice to state a claim for relief.

Nor is there a shortcoming in Gillespie's allegation that Clark's statement was exculpatory or favorable to Gillespie's defense. Burns initially contends Clark's statement could not possibly have been admissible, Burns's Mot. at 8–9, and later challenges whether Clark's statement shows Gillespie's innocence, Burns's Reply at 4–6. But Burns's argument requires too much: at the pleading stage, Gillespie need only "present a story that holds together" such that the events "*could* … have happened," not that they in fact happened. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (emphasis in original). There is no basis to conclude from the factual allegations that Clark's statement was definitively inadmissible, so Gillespie's story of admissibility holds together. Gillespie offers several possibilities of admissibility that

will require discovery to develop, Pl.'s Resp. at 12–13, and for now they remain reasonable inferences that can be drawn from his factual allegations.

For Clark's statement to be exculpatory, Gillespie did not need to allege that it would have exonerated him. *See Wearry v. Cain*, 577 U.S. 385, 392 (2016) (highlighting that due-process violation occurs as long as evidence undermines confidence in the conviction). Gillespie asserts that Clark told Burns that he was not in fact at the scene, a statement that would directly contradict Clark's earlier (false) representation that he witnessed Gillespie commit the shooting and would undermine the investigators' credibility. So Gillespie has plausibly alleged that Clark's exculpatory statement could have been admitted and could "have affected the judgment of the jury." *Giglio v. United States*, 405 U.S. 150, 154 (1972) (quoting *Napue v. Illinois*, 360 U.S. 264, 271 (1959)).

Burns also asks this Court to dismiss Gillespie's conspiracy claim and his state law claims. Most of Burns's arguments rely on the dismissal of all underlying federal constitutional claims, Burns's Mot. at 9–10, and because the Court is not dismissing many of Gillespie's claims, this is no basis to dismiss the conspiracy or state law claims. Burns also contends that Gillespie's conspiracy allegations are too conclusory, but his argument does not contain more than that bare statement. *Id.* at 10. As the Court explained in its prior opinion, allegations about a civil-rights conspiracy are sufficiently pleaded if a plaintiff can "indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." *Gillespie*, 805 F. Supp. 3d at 898 (quoting *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002)). Burns does not develop an argument why Gillespie does not meet this standard, nor could he. Gillespie's conspiracy claim identifies the parties (Burns, police officers, and other state prosecutors, First Am. Compl. ¶¶ 54–55, 62, 101–10), the general purpose (to fabricate inculpatory statements and to suppress exculpatory statements, *id.* ¶¶ 54–64, 110), and the approximate date (1993, *id.* ¶ 20–22). And, as is the case for some wrongful-conviction conspiracies, there is a plausible inference here that the alleged conspiracy would have had a difficult time succeeding if the state prosecutor was not in on it.

Burns's motion to dismiss, R. 146, is granted in part. The Court dismisses without prejudice the claim against Burns relating to the use of Hughes's statement at trial. If Gillespie believes that he can cure this factual deficiency, then he must file a motion under Civil Rule 15(a)(2) to seek leave to amend his complaint again explaining what factual allegations he specifically will add. If Gillespie does not move for

leave to amend on or before September 2, 2026, the dismissal of this claim against Burns will convert to a dismissal with prejudice without further order of the Court.

Burns's motion to dismiss is otherwise denied, and discovery will move forward on Gillespie's remaining claims against Burns.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: August 6, 2026